NO. 07-03-0178-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 10, 2004

_____

OTHA LEE CRAIG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 02-12-5406; HONORABLE HAROLD PHELAN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Otha Lee Craig appeals from his conviction for driving while intoxicated. We affirm.

As a pretrial matter, appellant filed a Special Plea of Double Jeopardy which alleged that appellant had been placed in former jeopardy for the driving while intoxicated charge by: (1) the Texas Department of License's suspension of his driver's license, (2) the United

States District Court Northern Division's revocation, after a hearing, of his supervised release, and (3) the State's dismissal of a misdemeanor indictment before re-indicting appellant for a felony. The trial court held a pretrial hearing concerning appellant's special plea at which the trial court denied the plea on the basis that, even if all the facts alleged in the plea were assumed true, the plea did not present a legally sufficient claim of former jeopardy.

Following the trial court's denial of the special plea and pursuant to a plea bargain, appellant pled guilty to the felony charge of driving while intoxicated. The trial court honored the plea bargain and sentenced appellant to incarceration in the Texas Department of Criminal Justice, Institutional Division, for five years and fined appellant $500.

Appellant was admonished, both orally and in writing, by the trial court. He signed a guilty plea memorandum, which included written admonishments, stipulation of evidence, and jury waiver, and pled guilty on the record while in open court. The trial court stated, during appellant's plea, that it would permit appellant to appeal the denial of his Special Plea of Double Jeopardy and the court has certified appellant's right to appeal the denial of this written plea. TEX. R. APP. P. 25.2(a)(2), (d). Appellant has timely filed a notice of appeal with this court and has been appointed appellate counsel.

Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the

record reflects no reversible error or grounds upon which a meritorious appeal can be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw as Counsel have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a *pro se* response. Appellant has not filed a *pro se* response.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). The record reveals no such grounds. We agree with appellate counsel that the appeal is without merit.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Chief Justice

Do not publish.